UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

-----------------------------------------------------------------X
LAUREN DODD, RICHARD SMITH, and
AMANDA HAMMOND,

On Behalf of Themselves Individually and on Behalf
of all Others Similarly Situated,

                              Plaintiffs,
      v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION and INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION, LOCAL
1475, CLERKS & CHECKERS UNION, INC.,

                              Defendants.
-----------------------------------------------------------------X

Case No.: 4:23-cv-00327-RSB-CLR


**DEFENDANT INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S
MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)**


MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
jsheridan@mmmpc.com

*Attorneys for Defendant International
Longshoremen's Association*

BIGNAULT & CARTER, LLC
Parkway Professional Plaza, 130 Canal Street,
Suite 401
Pooler, Georgia 31322
(912) 356-0388
pbignault@bc-laws.com

*Local Counsel for Defendant International
Longshoremen's Association*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

FACTUAL ALLEGATIONS ................................................................................................ 2

ARGUMENT......................................................................................................................... 5

   I . STANDARD OF REVIEW ........................................................................................ 5

   II. PLAINTIFFS' DFR CLAIM CANNOT STATE A PLAUSIBLE
      CLAIM FOR RELIEF BECAUSE THE ILA DOES NOT OWE
      PLAINTIFFS A DUTY OF FAIR REPRESENTATION ....................................... 6

CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Page(s)**

*Air Line Pilots Ass'n Int'l v. O'Neill*,
   499 U.S. 65 (1991) ............................................................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 5

*Baker v. Newspaper and Graphic Comm'cns Union, Local 6*,
   628 F.2d 156 (D.C. Cir. 1980) .............................................................................................. 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 5

*Bermuda Container Line, Ltd. v. Int'l Longshoremen's Ass'n*,
   No. 97 Civ. 1257(JFK), 1997 WL 795766 (S.D.N.Y. Dec. 29, 1997) ................................... 9

*Cobb v. Int'l Longshoremen's Ass'n, Local 1414*,
   No. 14-cv-182(WTM), 2015 WL 5595827 (S.D. Ga. Sept. 21, 2015) .................................. 8

*Davis v. Self*,
   547 Fed. Appx. 927 (11th Cir. 2013) .................................................................................... 5

*Deboles v. Trans World Airlines, Inc.*,
   552 F.2d 1005 (3d Cir. 1977) ................................................................................................ 4

*Devore v. Rolls–Royce Energy Sys., Inc.*,
   373 F. Supp. 2d 750 (S.D. Ohio 2005) .................................................................................. 7

*Dillard v. SEIU Local 32BJ*,
   No. 15-cv-4132 (CM), 2015 WL 6913944 (S.D.N.Y. Nov. 6, 2015) ..................................... 7

*Encina v. Tony Lama Co.*,
   316 F. Supp. 239 (W.D. Tex. 1970) ...................................................................................... 7

*Ford Motor Co. v. Huffman*,
   345 U.S. 330 (1953) ............................................................................................................. 4

*Funding VI, Ltd v. Patterson Bankshares, Inc.*,
   137 F. Supp. 3d 1340 (S.D. Ga. 2015) .................................................................................. 6

*Grant v. Burlington Indus.*,

627 F. Supp. 311 (N.D. Ill. 1985) ............................................................................................... 7

*Harris v. Schwerman Trucking Co.*,
   668 F.2d 1204 (11th Cir. 1982) ............................................................................................. 4

*In re Gen. Teamsters, Local 890*,
   265 F.3d 869 (9th Cir. 2001) ............................................................................................... 10

*Int'l Bhd. of Teamsters, Local 30 v. Helms Express, Inc.*,
   591 F.2d 211 (3d Cir. 1979)................................................................................................... 8

*Larry v. Penn Truck Aids, Inc.*,
   94 F.R.D. 708 (E.D. Pa. 1982)............................................................................................... 8

*Levi v. Int'l Bhd. of Teamsters*,
   842 F. Supp. 2d 306 (D.D.C. 2012) ...................................................................................... 7

*McCormick v. Aircraft Mechanics Fraternal Ass'n*,
   340 F.3d 642 (8th Cir. 2003) ................................................................................................ 7

*Monroe v. City of Charlottesville*,
   579 F.3d 380 (4th Cir. 2009) ................................................................................................ 5

*Oltmanns v. Int'l Longshoremen's Ass'n, Local 1475*,
   18-cv-188(RSB), 2019 WL 29327541 (S.D. Ga. July 8, 2019).................................................. 8

*Sine v. Int'l Bhd. of Teamsters, Local 992*,
   730 F.2d 964 (4th Cir. 1984) ................................................................................................ 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)............................................................................................................... 6

*Tongay v. Kroger Co.*,
   860 F.2d 298 (8th Cir.1988) ................................................................................................. 7

*Turner v. Air Transp. Dispatchers' Ass'n*,
   468 F.2d 297 (5th Cir. 1972) ................................................................................................ 4

*United Elec., Radio, & Mach. Workers v. NLRB*,
   986 F.2d 70 (4th Cir. 1993) ................................................................................................ 10

*Vaca v. Sipes*,
   386 U.S. 171 (1967)............................................................................................................... 6

**Statutes**

29 U.S.C. § 159(a) .................................................................................................................. 6

**Rules**

Fed R. Civ. P. 12(b)(6).................................................................................................. 1, 2, 5, 11
Fed. R. Evid. 201(b)(2) ........................................................................................................... 6

UNITED STATES DISTRICT COURT
FOR THE SOUTHTERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

------------------------------------------------------------------X
LAUREN DODD, RICHARD SMITH, AND : 
AMANDA HAMMOND, :
 :
On behalf of themselves individually and on behalf :
of all others similarly situated, : Case No.: 4:23-cv-00327 (RSB) (CLR)
 :
                          Plaintiffs, :
         v. :
 :
INTERNATIONAL LONGSHOREMEN'S :
ASSOCIATION AND INTERNATIONAL :
LONGSHOREMEN'S ASSOCIATION LOCAL :
1475 CLERKS AND CHECKERS UNION, INC., :
 :
                          Defendants. :
------------------------------------------------------------------X

**DEFENDANT INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S
MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)**

### INTRODUCTION

Defendant International Longshoremen's Association ("ILA") submits this brief in support of its motion to dismiss the Complaint filed by Plaintiffs Lauren Dodd, Richard Smith, and Amanda Hammond, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This brief will show that Plaintiffs' claim against the ILA for a violation of the duty of fair representation ("DFR') fails as a matter of law because the ILA does not owe this duty to Plaintiffs and thus could not have violated the duty of fair representation. Only the memberships' exclusive bargaining representative owes a DFR to the employees that it represents. In this case, the ILA does not represent Plaintiffs in local port bargaining and is not

1003-626
137377

party to any local port collective bargaining agreement (including any agreement governing port seniority). Instead, an ILA local affiliate, International Longshoremen's Association Local 1475 Clerks and Checkers Union ("Local 1475"), represents Plaintiffs as the exclusive bargaining representative of the clerks and checkers in the Port of Savannah. As such, it is Local 1475—and not the ILA—that owed Plaintiffs a duty of fair representation when it negotiated an amendment to its local port seniority agreement with its local port employer.

Thus, because the ILA has no legal obligation to represent Plaintiffs under federal common law, there can be no breach of the DFR. Plaintiffs' Complaint must therefore be dismissed as to the ILA under Rule 12(b)(6) for failure to state a claim.

## FACTUAL ALLEGATIONS

Plaintiffs Lauren Dodd, Richard Smith, and Amanda Hammond are clerks and checkers working in the Port of Savannah and employed by Georgia Stevedore Association ("GSA"). Local 1475 is an autonomous, self-governing local union that acts as the exclusive collective bargaining representative of the clerks and checkers in Savannah, including Plaintiffs. Local 1475 is a local affiliate of the ILA, an international labor union comprised of over a hundred affiliated locals in longshore related crafts across the East and Gulf Coasts, Canada, and Puerto Rico. The ILA's principal office located at 5000 West Side Avenue, North Bergen, Hudson County, New Jersey.

Plaintiffs allege that "Local 1475 operates a hiring hall wherein it assigns work to Clerks and Checkers in accordance with the order set forth in the CBA and referred to as the 'Savannah Clerks and Checkers Seniority Plan' (hereinafter the 'Plan')." Complaint, ¶ 27, ECF #1. According to the Savannah Clerks and Checkers Seniority Plan, "Clerks and Checkers are grouped together into divisions known as Classes." *Id.* at ¶ 28. "The various Classes created

under the Plan form a seniority-based system for assigning Clerk and Checker work at the Port of Savannah." *Id.* at ¶ 33.

Plaintiffs allege that the Savannah Clerks and Checkers Seniority Plan was amended on June 19, 2023 when Defendants effectuated the Memorandum of Understanding (the "2023 MOU") with GSA. As Plaintiffs allege, the 2023 MOU was ratified by Local 1475's membership: "On May 11, 2023, Local 1475 conducted a single day ratification vote of the 2023 MOU," where a majority of Local 1475's voted in favor of entering into the agreement. *Id.* at ¶ 78.

Plaintiffs allege that the 2023 MOU divided seniority classification "HH" into two subclasses: "HH1" and "HH2." Plaintiffs, as employees allegedly placed in subclass "HH2," claim that individuals in subclass "HH1" now have a hiring preference over them and the other employees in subclass "HH2." *Id.* at ¶ 2. Subclass HH1 consists of individuals who worked through the Local 1475 hiring hall off an "emergency list" during the 2020-2021 Contract Year at a time the Port of Savannah was experiencing an increased demand for Clerks and Checkers. *Id.* at ¶ 72. It includes "individuals who worked 700 hours through Local 1475 hiring system during both the 2020-21 and 2021-22 Contract Years, and all individuals who were on an emergency list during the 2020-21 Contract Year and worked at least 700 hours through the Local 1475 hiring system during the 2021-22 Contract Year." *Id*. "Subclass "HH2" is comprised of individuals who were not on the emergency list and only worked 700 hours during the 2021-2022 Contract Year. *Id.* at ¶ 73. Plaintiffs allege that "Local 1475 leaders populated the Emergency List in large part with family and friends" (*id.* at ¶ 75) before "Local 1475 leaders made the list available" (*id.* at ¶ 62) to the members of the bargaining unit. "Local 1475 placed approximately 200 persons on the Emergency List," 23 of which are allegedly friends and family

of Local 1475 leaders. *Id.* at ¶ 66.

Plaintiffs allege that Defendants violated the DFR by arbitrarily and capriciously entering into the 2023 MOU. Plaintiffs bring their lawsuit on behalf of a putative class as defined as "[a]ll persons who the ILA and Local 1475 assigned to Subclass HH2 on June 19, 2023." *Id.* at ¶ 10.

Plaintiffs try to impute liability onto the ILA for Local 1475's conduct[1] by alleging that the ILA is party to a series of agreements governing the seniority of Clerks and Checkers in Savannah. Specifically, Plaintiffs allege that "[t]he ILA and Local 1475 are parties to a collective bargaining agreement with the Georgia Stevedore Association . . . governing the rates of pay, rules, and working conditions for persons working as Clerks and Checkers at the Port of Savannah," which includes Savannah Clerks and Checkers Seniority Plan. *Id.* at ¶ 26. And Plaintiffs further allege that the ILA is a party to the 2023 MOU. However, these allegations are contradicted by the actual documents, which clearly show that the International is **not** a party to

---

[1] For the reasons set forth in Local 1475's brief in support of its motion to dismiss, incorporated by reference herein, Plaintiffs have failed to plausibly allege that Local 1475 breached the DFR when it amended its seniority plan in a collective bargaining agreement with its employer, GSA. *See* ECF #12; *see also* ECF #13-2 (NLRB Region 10 dismissal letter); ECF #13-3 (NLRB dismissal letter). Plaintiffs have not established that Local 1475 violated the DFR when it entered into the 2023 MOU based upon prior service and hours worked in the industry and following a ratification vote by Local 1475's membership. *See Ford Motor Co. v. Huffman*, 345 U.S. 330, 337 (1953) (The "statutory obligation to represent all members of an appropriate unit requires them to make an honest effort to serve the interests of all of those members"); *Deboles v. Trans World Airlines, Inc.*, 552 F.2d 1005, 1016 (3d Cir. 1977) (finding no breach of the DFR where union negotiated an agreement affecting seniority because there was "some objective justification for its conduct"). "[S]eniority adjustments among employee groups governed by a single contract are within the union's discretion and judgment, so long as the seniority disadvantage is not the result of arbitrary reasons unrelated to relevant differences." *Deboles*, 552 F.2d at 1014; *see also Turner v. Air Transp. Dispatchers' Ass'n*, 468 F.2d 297, 300 (5th Cir. 1972) ("The fact that a union adopts a position which favors one group of employees over another does not amount to a breach of the duty of fair representation"). "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. . . . The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed. . . ." *Ford Motor Co.*, 345 U.S. at 338. None of Plaintiffs' arguments that Local 1475's conduct falls outside this "wide range of reasonableness" are persuasive. *See Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206-07 (11th Cir. 1982) ([T]he employee's burden remain(s) a substantial one[;] [n]othing less than a demonstration that the union acted with reckless disregard for the employee's rights or was grossly deficient in its conduct will suffice to establish such a [DFR] claim") (citations omitted); *see also* ECF #18 (Plaintiffs explaining in their opposition brief that bad faith is a "demanding standard[;] . . . the conduct must be sufficiently egregious or so intentionally misleading as to be invidious or as to evince a purpose to intentionally harm the membership").

1003-626
137377

4

either agreement. *See* CBA and 2023 MOU, attached hereto as **Exhibit A** and **Exhibit B**, respectively.

## ARGUMENT

### I.

### STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 556. However, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009).

Determining whether a complaint states a plausible claim for relief is a "content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 550 U.S. at 545. The plausibility standard is not akin to a "probability requirement," but it asks for more than a mere possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

On a 12(b)(6) motion, a court may consider external docs that are referenced in the complaint or central to the complaint. *See Davis v. Self*, 547 Fed. Appx. 927, 929 (11th Cir.

2013) (a court may reference "other sources courts ordinarily examine when ruling on . . . dismissal, in particular, documents incorporated into the complaint by reference" (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also U.S. Cap. Funding VI, Ltd v. Patterson Bankshares, Inc.*, 137 F. Supp. 3d 1340, 1357 (S.D. Ga. 2015) (In evaluating a 12(b)(6) motion, "a court may look to documents that are central to, or referenced in, the complaint); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

These agreements demonstrate that the ILA is, in fact, not a party to either the CBA (*see* **Exhibit A**), or the 2023 MOU (*see* **Exhibit B**).  Indeed, the ILA, an international union headquartered in New Jersey, is not party to any local port collective bargaining agreement in Savannah, Georgia, including any agreement covering the seniority for the Clerks and Checkers in the Port.

## II.

### PLAINTIFFS' DFR CLAIM CANNOT STATE A PLAUSIBLE CLAIM FOR RELIEF BECAUSE THE ILA DOES NOT OWE PLAINTIFFS A DUTY OF FAIR REPRESENTATION

Plaintiffs allege that the ILA violated the duty of fair representation when Local 1475 ratified an amendment to its local port seniority plan.  However, the ILA—which is neither the Plaintiffs' exclusive bargaining representative nor a party to any local collective bargaining agreement—cannot have breached the duty of fair representation because the ILA does not owe this duty to the bargaining unit employees represented by Local 1475.

The duty of fair representation is derived from the statutory grant in 29 U.S.C. § 159(a) of the exclusive power to represent all employees in the collective bargaining unit.  *See Vaca v.*

*Sipes*, 386 U.S. 171, 177 (1967). "Under federal common law, unions owe their members a duty of fair representation ('DFR'), which derives 'from the union's statutory role as exclusive bargaining agent.'" *Dillard v. SEIU Local 32BJ*, No. 15-cv-4132 (CM), 2015 WL 6913944, at *4 (S.D.N.Y. Nov. 6, 2015) (quoting *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 74 (1991)). It is unequivocal that "exclusive representation is a necessary prerequisite to a statutory duty to represent fairly." *McCormick v. Aircraft Mechanics Fraternal Ass'n*, 340 F.3d 642, 645 (8th Cir. 2003).

The law is well settled that a union that is not the employees' bargaining representative or a party to the local collective bargaining agreement does not owe a duty of fair representation. *See Baker v. Newspaper & Graphic Comm'cns Union, Local 6*, 628 F.2d 156, 166 (D.C. Cir. 1980) (rejecting "claim that the International violated its duty of fair representation" where it "was neither the bargaining representative nor a party to the collective bargaining agreement"); *see also Tongay v. Kroger Co.*, 860 F.2d 298, 299-300 (8th Cir.1988) (international did not have a duty of fair representation because it was not the exclusive bargaining representative); *Encina v. Tony Lama Co.,* 316 F. Supp. 239, 245 (W.D. Tex. 1970) ("The duty of fair representation is not imposed upon the International Union which is not the exclusive bargaining agency"), *aff'd*, 448 F.2d 1264 (5th Cir. 1971); *Levi v. Int'l Bhd. of Teamsters*, 842 F. Supp. 2d 306 (D.D.C. 2012) (plaintiff's breach of contract against international union failed, as it was not plaintiff's exclusive bargaining agent and thus did not owe him a duty of fair representation); *Devore v. Rolls–Royce Energy Sys., Inc.*, 373 F. Supp. 2d 750, 768 (S.D. Ohio 2005) ("The Court finds that because IAM International is not a signatory to the [collective bargaining agreement] and Plaintiff has not rebutted the Union Defendants' assertion that IAM International did not participate in the processing of Plaintiff's grievance, IAM International did not owe a duty of fair

representation to Plaintiff"); *Grant v. Burlington Indus.*, 627 F. Supp. 311, 313 (N.D. Ill. 1985) (concluding that claim for breach of duty of fair representation can be stated only against the local union which was the "only bargaining representative for the job dispute"); *Larry v. Penn Truck Aids, Inc.*, 94 F.R.D. 708, 722 (E.D. Pa. 1982) (dismissing DFR claim of brought against the IBT because it was not a party to the collective bargaining agreement and therefore owed no duty of fair representation).

Applying this precedent, Plaintiffs cannot plausibly allege that the ILA owes a duty of fair representation. The ILA does not represent Plaintiffs in local port bargaining. In Savannah, it is Local 1475, not the ILA, that is the exclusive bargaining representative for Plaintiffs and the other clerks and checkers working in the Port. *See Oltmanns v. Int'l Longshoremen's Ass'n, Local 1475*, No. 18-cv-188(RSB), 2019 WL 2932754, at *1 (S.D. Ga. July 8, 2019), *aff'd*, 837 F. App'x 689 (11th Cir. 2020) (Local 1475 serves as the exclusive collective bargaining representative for GSA-employed workers performing clerk and checker jobs in the Port of Savannah); *see also Cobb v. Int'l Longshoremen's Ass'n, Local 1414*, No. 14-cv-182(WTM), 2015 WL 5595827, at *1 (S.D. Ga. Sept. 21, 2015). Plaintiffs openly acknowledge as much in their Opposition Brief to Local 1475's Motion to Dismiss, "**Local 1475 must represent all people and segments of its membership fairly because it has been given the power to be the exclusive bargaining agent for its members, including the plaintiffs.**" ECF #18, p. 14 (emphasis in original). As the Fourth Circuit held in *Sine v. Int'l Bhd. of Teamsters, Local 992*, when dismissing a claim against an intermediary union delegation that was not a party to the local contract, "the local is designated as the exclusive bargaining agent responsible for representing employees . . . only the local can be held responsible [for the breach of the duty of

1003-626
137377

8

fair representation].*"* 730 F.2d 964, 966 (citing *Int'l Bhd. of Teamsters, Local 30 v. Helms Express, Inc.*, 591 F.2d 211 (3d Cir. 1979)).

As an international union, the ILA does not engage in local contract negotiations and is not involved in local port matters, such as hiring and seniority. Rather, local unions in each port, including Local 1475 in Savannah, Georgia, negotiate local terms and conditions of employment—including seniority and hiring rules—with their local port employers. *See Bermuda Container Line, Ltd. v. Int'l Longshoremen's Ass'n*, No. 97-cv-1257(JFK), 1997 WL 795766, at *1 (S.D.N.Y. Dec. 29, 1997). Likewise, the ILA is not party to any agreement governing Local 1475's seniority or any other local port agreement. The ILA is not a party to the CBA between Local 1475 and GSA, which sets forth the Savannah Clerks and Checker Seniority Plan. *See* **Exhibit A**. Nor is the ILA involved in administering this plan: "Local 1475 operates a hiring hall wherein it assigns work to Clerks and Checkers in accordance with the order set forth in the CBA and referred to as the 'Savannah Clerks and Checkers Seniority Plan.'" (Compl., ¶ 27).

The ILA is also not a party to 2023 MOU, which serves as the primary basis for the allegations in the Complaint. *See* **Exhibit B**. As Plaintiffs concede, the 2023 MOU was ratified by Local 1475's membership: "Local 1475 conducted a single day ratification vote of the 2023 MOU" (Compl. at ¶ 78) with "the membership of Local 1475 ratif[ying] the 2023 MOU" concerning their own seniority rights (*id.* at ¶ 79).

Thus, as the ILA is neither the exclusive collective bargaining representative for Local 1475 nor a party to any local contract, Plaintiffs' DFR claim against the ILA fails as a matter of law. Plaintiffs' conclusory allegations to the contrary do nothing to change this unavoidable conclusion. While Plaintiffs try to attach liability by adding "the ILA" to some of its allegations

1003-626
137377

9

about Local 1475's conduct in representing its employees, the DFR is not imposed on an international union simply because it is the parent organization of the subordinate body. Federal labor law makes clear that the ILA and Local 1475 are separate, distinct entities, and Plaintiffs cannot impute liability to the ILA based on affiliation alone. *See United Elec., Radio, & Mach. Workers v. NLRB*, 986 F.2d 70, 75 (4th Cir. 1993) ("It is likewise undisputed that local union chapters are separate and distinct entities from their international parents"). "[F]ederal labor law has steadfastly recognized the separation of the International from its local affiliate." *In re Gen. Teamsters, Local 890*, 265 F.3d 869, 874-75 (9th Cir. 2001). The ILA, therefore, is not liable for Local 1475's alleged failure to fairly represent Plaintiffs in the ratification of the 2023 MOU merely on the basis of its affiliation with the Local. The ILA must have **its own duty** to represent Plaintiffs, which it does not have.

       This well-settled precedent regarding the relationship between an international and its local unions, coupled with the fact that the ILA is neither the bargaining representative for Plaintiffs nor a party to the 2023 MOU or any other collective bargaining agreement between Local 1475 and GSA, indicates that Plaintiffs have failed to establish that the ILA owes a duty of fair representation to members of Local 1475. Accordingly, Plaintiffs cannot state a claim against the ILA for a breach of the DFR, and their Complaint must be dismissed.

## CONCLUSION

For the reasons provided above, this Court must dismiss Plaintiffs' Complaint against Defendant International Longshoremen's Association pursuant to Rule 12(b)(6) for failure to state a claim.

Dated:   Savannah, Georgia
             March 5, 2024

Respectfully submitted,

| | |
|---|---|
| MAZZOLA MARDON, P.C. | BIGNAULT & CARTER, LLC |
| /s/ *John P. Sheridan* | /s/     *W. Paschal Bignault* |
| John P. Sheridan | W. Paschal Bignault |
| Daniel Wolff | Parkway Professional Plaza, 130 Canal Street, Suite 401 |
| Brian A. Jasinski | |
| 26 Broadway, 17th Floor | Pooler, Georgia 31322 |
| New York, NY 10004 | (912) 356-0388 |
| (212) 425-3240 | pbignault@bc-laws.com |
| jsheridan@mmmpc.com | |
| *Attorneys for Defendant International Longshoremen's Association* *Pro Hac Vice Admission Pending* | *Local Counsel for Defendant International Longshoremen's Association* |

1003-626
137377

11