IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAUREN DODD; RICHARD SMITH; and AMANDA HAMMOND, on behalf of themselves individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL LONGSHOREMEN'S ASSOCIATION; and INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1475 CLERKS AND CHECKERS UNION, INC., <br><br> Defendants. | CIVIL ACTION NO.: 4:23-cv-327 |

**O R D E R**

Before the Court is Plaintiffs' Notice of Voluntary Dismissal as to International Longshoremen's Association, which was signed only by counsel for Plaintiffs. (Doc. 32.) In the filing, Plaintiffs notify the Court of their voluntary dismissal of their claims asserted against the specified Defendant, which has not filed an answer or a motion for summary judgment in this case. (Id.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Because it has not filed an answer or motion for summary judgment in this case, Defendant International Longshoremen's Association, is **DISMISSED**. See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer

or motion for summary judgment . . . .").[1]    The Court **DIRECTS** the Clerk of Court to **TERMINATE** as moot the pending Motion to Dismiss filed by International Longshoremen's Association, (docs. 27, 28), and to **TERMINATE** International Longshoremen's Association from this case and to **UPDATE** the docket accordingly.

　　**SO ORDERED**, this 21st day of March, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.