UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAUREN DODD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CV423-327 |
| ) | |
| INTERNATIONAL ) | |
| LONGSHOREMEN'S ) | |
| ASSOCIATION, ILA LOCAL 1475, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant International Longshoremen's Association, ILA Local 1475's Motion to Stay Discovery pending disposition of its Motion to Dismiss, doc. 11. Doc. 34. Plaintiffs consent, so long as the stay "would also delay any necessity to file class certification motions . . . ." Doc. 35 at 1. For the following reasons, the Motion to Stay Discovery is **GRANTED**. Doc. 34.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court to dispose of "[f]acial challenges to the legal

sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotations omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6 (internal citation and quotations omitted). "[A] request to stay discovery pending

a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

Upon preliminary review, the Motion to Dismiss does not appear to be wholly meritless. *See generally* doc. 11; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Further, Plaintiffs do not oppose Defendant's stay request, and there is no indication that they would be prejudiced by a stay. Additionally, a ruling on the Motion to Dismiss could be case-dispositive. *See* doc. 11 at 1. On balance, then, a stay is appropriate. Defendant's Motion to Stay Discovery is **GRANTED**, doc. 34, and all deadlines in this case, including Plaintiffs' deadline to seek class certification under Federal Rule of Civil Procedure 23 and this Court's Local Rules, are **STAYED** pending disposition of Defendant's Motion to Dismiss, doc. 11. Should any claims remain pending, the parties are **DIRECTED** to confer and submit a Rule 26(f) Report within 14 days of the District Judge's disposition of Defendant's Motion to Dismiss. The

Report should conform to the language and format of the Form Rule 26(f) Report for use in Judge Baker's cases.  *See* doc. 4.

    **SO ORDERED**, this 8th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA