| | | |
|---|---|---|
| **LAUREN DODD, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:23-cv-00327** |
| | ) | |
| **INTERNATIONAL LONGSHOREMEN'S** | ) | |
| **ASSOCIATION LOCAL 1475 CLERKS** | ) | |
| **AND CHECKERS UNION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## *DEFENDANT LOCAL 1475's DEFENSES*
## *AND ANSWER TO PLAINTIFFS' COMPLAINT*

COMES NOW DEFENDANT, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1475 CLERKS AND CHECKERS UNION, INC., (hereinafter "Local 1475") by and through its undersigned counsel, and hereby submits its answer and affirmative defenses to Plaintiffs' Complaint.

## ANSWER

For its Answer to the individual paragraphs of Plaintiffs' Complaint, Local 1475 hereby shows this Honorable Court the following:

The allegations which precede Paragraph No. 1 of the Plaintiffs' Complaint do not require a response of Local 1475. However, Local 1475 shows that Plaintiffs' Complaint has no basis in law or fact and specifically denies that Plaintiffs may proceed as a class action. To the extent any further response is deemed necessary, the allegations are denied.

## INTRODUCTION

1.

Admitted only so far that Plaintiffs bring this case as a class action based on an alleged

duty of fair representation to a group of Clerks and Checkers who perform work at the Port of Savannah. To the extent any further response is deemed necessary, the allegations are denied.

2.

Denied.

**JURISDICTION AND VENUE**

3.

This allegation contains conclusions of law to which no response is required.

4.

This allegation contains conclusions of law to which no response is required.

**PARTIES**

5.

Admitted that Lauren Dodd is a Clerk and Checker. Local 1475 lacks knowledge or information sufficient to admit or deny the allegations where Plaintiff Dodd resides.

6.

Admitted that Richard Smith is a Clerk and Checker. Local 1475 lacks knowledge or information sufficient to admit or deny the allegations where Plaintiff Smith resides.

7.

Admitted that Amanda Hammond is a Clerk and Checker. Local 1475 lacks knowledge or information sufficient to admit or deny the allegations where Plaintiff Hammond resides.

8.

Admitted.

9.

Admitted.

## CLASS ACTION ALLEGATIONS

### 10.

Local 1475 admits that Plaintiffs purport to bring this action as a class action. Local 1475 specifically denies that Plaintiffs' action is entitled to class action certification pursuant to Federal Rule of Civil Procedure 23. Local 1475 denies all remaining allegations as written.

### 11.

Local 1475 admits that the proposed class is composed of 64 people but specifically denies that Plaintiffs may proceed as a class action.

### 12.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

### 13.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

### 14.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

### 15.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

### 16.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

### 17.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

18.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

19.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

20.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

21.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

22.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

23.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

24.

Admitted that if the Class Members worked through Local 1475's hiring hall and that the referenced information should be readily available from Local 1475 or from third party employers. To the extent a further response is required, denied.

25.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

**FACTUAL ALLEGATIONS**

26.

Denied as stated. Admitted only that Local 1475 and the Georgia Stevedore Association ("GSA") are parties to the GSA-Local 1475 Collective Bargaining Agreement ("CBA"); the ILA Local 1475 Savannah Clerks and Checkers Seniority Plan ("Seniority Plan"); the October 1, 2021 Memorandum of Understanding ("2021 MOU"); and the June 1, 2023 Addendum ("2023 MOU"). To the extent a further response is required, the documents and agreement(s) speak for themselves.

27.

Admitted that Local 1475 operates a hiring hall, but the rest of the paragraph is denied as stated. Work is assigned in accordance with the CBA, the Seniority Plan, the 2021 MOU, the 2023 MOU, the Hiring Hall Rules, and other past practices and written agreements between the GSA and Local 1475. To the extent a further response is required, denied.

28.

Admitted.

29.

Admitted in part, denied in part. It is admitted only that the Seniority Plan as amended by the 2021 MOU and the 2023 MOU is governed by a joint labor and management Seniority Board which makes determinations regarding seniority classifications in accordance with the procedures set forth therein. To the extent a further response is required, denied.

30.

Denied as stated. Local 1475 admits only that the quoted language appears in the International ILA Constitution, but that the entire document speaks for itself. By way of further response, Local 1475 states that seniority is a local issue governed by a joint labor and management Seniority Board which makes determinations regarding seniority classifications in accordance with the procedures set forth therein. To the extent a further response is required, denied.

31.

Admitted.

32.

Admitted.

33.

Admitted in part, denied in part. Admitted only that work is assigned in accordance with the CBA, the Seniority Plan, the 2021 MOU, the 2023 MOU, the Hiring Hall Rules, and other past practices and written agreements between the GSA and Local 1475. To the extent a further response is required, denied.

34.

Admitted in part, denied in part. Admitted only that work is assigned in accordance with the CBA, the Seniority Plan, the 2021 MOU, the 2023 MOU, the Hiring Hall Rules, and other past practices and written agreements between the GSA and Local 1475. To the extent a further response is required, denied.

35.

Admitted.

36.

Admitted in part, denied in part as stated. Admitted that during this time, COVID had ravaged the waterfront in the Port of Savannah and caused a decline in the number of qualified workers who were on demand to work through Local 1475's hiring hall. Local 1475 responded in part through the creation of an Emergency List which opened up the jobs to the public, as long as the personnel met the requirements for immediate dispatch (i.e., TWIC card, etc.). Following Local 1475's steps to meet the emergent need for workers, GSA alleged Local 1475 was violating the CBA by failing to produce qualified labor on December 1, 2020. On December 2, 2020, Local 1475 voted to close the Emergency List. To the extent a further response is required, denied.

37.

Denied.

38.

Admitted Robert Jenkins was on the original Emergency List and is Marvin Jenkins' son.

39.

Admitted in part, denied in part. Denied that Brendon Orrel was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. The alleged relationship is admitted.

40.

Admitted in part, denied in part. Denied that Stephen Parsons was on the original Emergency List. The alleged relationship is admitted.

41.

Admitted that Morgan Jenkins was on the original Emergency List. However, Morgan Jenkins is not on HH1 as she did not earn the required number of hours in CY 2021-2022 in order to qualify under the 2023 MOU. The alleged relationship is admitted.

42.

Admitted in part, denied in part. Admitted that Morgan Askew was on the original Emergency List. Local 1475 lacks knowledge or information sufficient to admit or deny the remaining allegations. To the extent a further response is required, denied.

43.

Denied that Mike Askew was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, Local 1475 lacks knowledge or information sufficient to admit or deny the remaining allegations. To the extent a further response is required, denied.

44.

Admitted Dylan Padgett was on the original Emergency List and is Jared Padgett's son.

45.

Denied that Dominic Uyeda was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, the listed individual is a nephew by marriage.

46.

Admitted Joseph Padgett was on the original Emergency List and is brother to the named.

47.

Denied that Elizabeth Andrews was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

48.

Denied.

49.

Denied that Tommy Andrews was on the original Emergency List in December 2020. As to the relationship, it is admitted.

50.

Denied that Paul Elliot was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

51.

Admitted Armeisha Smith was on the original Emergency List. As to the relationship, it is admitted.

52.

Admitted Shannon Smith was on the original Emergency List. As to the relationship, Local 1475 lacks knowledge or information sufficient to admit or deny the remaining allegations. To the extent a further response is required, denied.

53.

Admitted Jaden Wright was on the original Emergency List. As to the relationship, Local 1475 lacks knowledge or information sufficient to admit or deny the remaining allegations. To the extent a further response is required, denied.

54.

Denied that Jenna Balcom was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

55.

Denied that Matthew Holten was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

56.

Denied that Hayli Parrish was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

57.

Denied that Stephen Tootle was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

58.

Admitted Jacquelyn Tootle was on the original Emergency List. As to the relationship, it is admitted.

59.

Denied that Michael Bowles was on the original Emergency List in December 2020, but was added to the Emergency List following the reopening of the Emergency List by the membership in February 2021. As to the relationship, it is admitted.

60.

Denied.

61.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

62.

Denied. Local 1475 reopened the Emergency List following the membership meeting in February 2021 in response to a vote by the membership to reopen the Emergency List and after GSA complained to Local 1475 of contract violations on December 7, 2020, January 20, 2021, and January 27, 2021. To the extent a further response is required, denied.

63.

Denied in part, admitted in part. It is admitted that the qualification standards utilized by Local 1475 and the GSA (driver's license; TWIC card; and waiver) were based on business necessity and governmental standards and were not the result of any arbitrary or discriminatory action on the part of Local 1475. The only requirements in the notice were that the person being referred must be able to work right away and have a driver's license, a valid Transportation Worker Identification Credential (TWIC card) (so they could work right away); and must sign a waiver. A

TWIC card is required by the federal Maritime Transportation Security Act for workers who access the Port of Savannah. To the extent a further response is required, denied.

64.

Denied as stated. The waiver was jointly drafted by Local 1475 and GSA, the signatories to the CBA and the document speaks for itself. To the extent a further response is required, denied.

65.

Denied as stated. If Emergency List members who performed Clerk and Checker work in the 2020-2021 contract year earned 700 hours, they were placed on Extra List 5 and they had hiring preference over members of the proposed class as a result of the 2021 MOU per its terms. To the extent a further response is required, denied.

66.

Denied. Admitted there were approximately 106 persons on the original Emergency List in December 2020 before it closed. Following the membership vote to reopen the Emergency List in February 2021, approximately 201 persons were added to the Emergency List. At the end of the 2020-2021 contract year, with the approval of the District, approximately 14 persons were dispatched out of the Local 1475 hiring hall on an as needed basis and were added to the Emergency List when Local 1475 had trouble supplying labor, resulting in a total of approximately 321 persons on the Emergency List. To the extent a further response is required, denied.

67.

Denied as stated. On or about May 15, 2021, the International ILA Union put Local 1475 in a brief period of emergency trusteeship, mainly regarding ongoing internal disputes involving the methods of integrating the Deck and Dock and the Clerks and Checkers into one unified seniority system. As part of that process, the President of the International ILA Union appointed a committee to investigate and to devise a proposal to resolve any problems (the "Holland

Committee"). The International President reviewed the Holland Committee's recommendations and authorized the Holland Committee to negotiate the referenced October 1, 2021 Memorandum of Understanding ("2021 MOU") with the GSA. Therefore, it is only admitted that the 2021 MOU was negotiated by the Holland Committee and signed by the GSA President and the President of the District. The 2021 MOU speaks for itself. To the extent a further response is required, denied.

68.

Local 1475 admits only that some of the quoted language appears in the 2021 MOU, but that the entire document speaks for itself. To the extent a further response is required, denied.

69.

Denied as stated. Admitted only that following the end of CY 2021-2022, a Class HH was created, which comprised those workers from Extra List 5 and Extra List 6 who accumulated 700 hours during CY 2021-2022. To the extent a further response is required, denied.

70.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

71.

Denied as stated. It is admitted only that the 2023 MOU, which split Class HH into two (2) subgroups, arose as a result of Local 1475 attempting to reach a resolution of a previously filed NLRB charge. In response to the NLRB charge, and at the direction of the District, the 2023 MOU language was crafted, and the membership, upon reviewing the language, voted to hold the vote and then later voted to split the HH group into two subgroups, whereupon the charging party in the NLRB case withdrew the charge. To the extent a further response is required, denied.

72.

Local 1475 admits only that some of the quoted language appears in the 2023 MOU

referenced in this allegation, but that the entire document speaks for itself. To the extent a further response is required, denied.

73.

Local 1475 admits only that some of the quoted language appears in the 2023 MOU referenced in this allegation, but that the entire document speaks for itself. To the extent a further response is required, denied.

74.

Local 1475 admits only that some of the quoted language appears in the 2023 MOU referenced in this allegation, but that the entire document speaks for itself. To the extent a further response is required, denied.

75.

Denied as stated. Local 1475 admits that the Emergency List was found lawful by the NLRB. Local 1475 further admits that the question of whether the Emergency List was secret was found without merit by the NLRB. Local 1475 denies that there was a failure to disclose any information regarding the Emergency List, as it had twice been found to be lawful by the NLRB. To the extent a further response is required, denied.

76.

Denied.

77.

Denied.

78.

Admitted.

79.

Admitted.

80.

Admitted.

81.

Admitted only that eligibility for inclusion in HH1 was based on objective criteria: that a member had worked at least seven hundred hours in 2021–22; and had worked at least seven hundred hours in 2020–21 or had worked under the Emergency List in 2020–21. To the extent a further response is required, denied.

82.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

83.

Local 1475 lacks knowledge or information sufficient to admit or deny the allegations. To the extent a further response is required, denied.

## VIOLATION OF THE DUTY OF FAIR REPRESENTATION

84.

Local 1475 incorporates by reference its responses to all of the preceding paragraphs above as though fully set forth herein. To the extent a further response is required, denied.

85.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

86.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

87.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

88.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

89.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

90.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

91.

This allegation contains conclusions of law to which no response is required. To the extent a further response is required, denied.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant International Longshoremen's Association Local 1475 Clerks and Checkers Union, Inc. ("Local 1475"), denies that Plaintiffs are entitled to any of the relief they seek. Further Local 1475 denies andy and all other allegations in the Complaint not previously admitted, denied or otherwise responded to in this Answer.

WHEREFORE, Defendant International Longshoremen's Association Local 1475 Clerks and Checkers Union, Inc. respectfully requests this Honorable Court to render judgment in favor of Defendant and against the Plaintiffs; to dismiss Plaintiffs' claims with prejudice; and to direct Plaintiffs to compensate Defendant for the attorneys' fees and costs incurred in this matter.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs fail to state a claim upon which relief may be granted.

2.      Any claims regarding the creation and composition of the Emergency List fall outside the period of limitations and are barred by the 6-month statute of limitations. All actions prior to May 9, 2023, are barred by the 6-month statute of limitations.

3.      Plaintiffs are not persons aggrieved with standing to sue.

4.      Local 1475 properly exercised the wide range of discretion it possesses as exclusive bargaining representative when at the direction of the District, the 2023 MOU language was crafted, and the membership, upon reviewing the language, voted to hold the vote and then later voted to split the HH group into two subgroups, in response to charges raised by its membership in order to resolve the NLRB charge whereupon the charging party withdrew the charge.

5.      The NLRB previously concluded (twice) that a challenge to the Emergency List's existence was meritless and Local 1475 relied on these decisions in good faith.

6.      Eligibility for inclusion in HH1 was based on objective criteria: that a member had worked at least seven hundred hours in 2021–22; and had worked at least seven hundred hours in 2020–21 or had worked under the Emergency List in 2020–21.

7.      Local 1475's acts were not unreasonable, arbitrary, discriminatory or in bad faith.

8.      Local 1475's conduct was not so unreasonable as to be irrational as set forth in *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 78 (1991).

9.      Plaintiffs have failed to exhaust their contractual remedies.

10.     Plaintiffs who are members failed to exhaust their internal union remedies.

11.     Plaintiffs' claims are barred because all actions of Local 1475 were proper, privileged, justified, and undertaken in good faith.

12.     To the extent that Plaintiffs have failed to mitigate their damages, Plaintiffs are not entitled to compensation for unmitigated damages.

13. Local 1475 is not responsible for the acts of individual bargaining unit members or the labor organizations Local 1475 is subordinate to who directed Local 1475 to perform certain acts. The alleged actions of which Plaintiffs complain, which Local 1475 expressly denies, were not within the class of acts that Local 1475 authorized any of its agents to perform, were not performed in the course of Local 1475's business, were not performed with the knowledge of Local 1475, and were not ratified by Local 1475.

14. To the extent Plaintiffs suffered any harm, the harm was proximately caused by others over whom Local 1475 had no authority or control, and for whose acts or omissions Local 1475 is not liable, including the labor organizations Local 1475 is subordinate to who directed Local 1475 to perform certain acts and the membership when it voted to vote regarding the split of the HH class and then later voted to split the HH class.

15. Plaintiffs have unclean hands and are barred by concepts of fairness and equity.

16. Plaintiffs are not entitled to an award of attorneys' fees and litigation expenses.

Local 1475 reserves the right to assert by amendment of this pleading, by motion or by other means, any and all applicable defenses which may become apparent as discovery or other proceedings move forward in this matter.

Respectfully submitted this 24th day of October, 2025.

**CHARLES HERMAN LAW**
/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
***Attorney for Defendant ILA Local 1475***

127 Abercorn Street, Suite 208
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **LAUREN DODD, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Case No.: 4:23-cv-00327** |
| | ) |
| **INTERNATIONAL LONGSHOREMEN'S** | ) |
| **ASSOCIATION LOCAL 1475 CLERKS** | ) |
| **AND CHECKERS UNION, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## *CERTIFICATE OF SERVICE*

The undersigned certifies that I have on this day served all the parties in this case with this document in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

Respectfully submitted this 24th day of October, 2025.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
***Attorney for Defendant ILA Local 1475***

127 Abercorn Street, Suite 208
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com